**COLORADO ASSOCIATION OF PUBLIC EMPLOYEES, Colorado Association of Public Employee's Board of Directors; June Adams; James Akers; Robert Becker; Dennis Deutsch; Warren Fos; Randy Jensen; Rod Lighthizer; Wayne S. Shade; James K. Shea; Jeff Snyder; Lorraine Surprenant; William H. Tracy; and Carnell Wilson; Dennis L. Allen; Gregory L. Berkheimer; Dennis L. Bornhoft; Mark Burry; William P. Butero; Henry Byczkowski; Norman Crabb; Charles Cunningham; Michael C. Dollard; Douglass Dyer; Larry D. Eastin; Conley F. Ebert; Andrew W. Ernst; Maurice G. Foley; Frank E. Galvin; Donald J. Gertge; Donald J. Gustin; Arlo C. Hanson; Wayne Harris; Johnny Lee Hemphill; M. Michael Hern; Anthony Hernandez; Donald D. Horton; Glen E. Humiston; Rolland D. Husted; Charlie R. Kesterson; Randy S. King; Wayne Krager; Earl Lambeth; Donnie Lee; Leslie A. Littler; Kenneth T. Mackey; Wilbert Maes; Dale E. Mason; Thomas L. May; Louis J. McBride; Lee F. Miller; Leroy Miller; Donald L. Nation; Vernon A. Pelser; Allan Pierce;**

Edward Powszukiewicz; Frank P. Prorock; Allan Jay Robinson; Vergil E. Saylor; Randall L. Spence; John Streeter; Frank Vallero; Mark E. Walters; Kevin E. Weingardt; and Freddie Wrightsel; Plaintiffs–Appellees,

and

Colorado State Patrol Protective Association, Anthony Padilla, Don Cline, Rich Munroe, and Scott Nathlich, Intervening Plaintiffs–Appellees,

v.

COLORADO DEPARTMENT OF PERSONNEL and Andre N. Pettigrew, Executive Director in his official capacity, Defendants–Appellants.

No. 98CA1355.

Colorado Court of Appeals, Div. II.

Oct. 28, 1999.

Vonda G. Hall, Denver, Colorado, for Plaintiffs–Appellees.

Semple, Miller, & Mooney, P.C., Martin Semple, Patrick B. Mooney, Fred C. Kuhlwim, Denver, Colorado, for Intervening Plaintiffs–Appellees.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Jeannette W. Kornreich, Assistant At-

torney General, Denver, Colorado, for Defendants–Appellants.

Opinion by Judge TURSI.*

Defendants, the Colorado Department of Personnel(department) and its executive director, Andre N. Pettigrew(director), appeal from the order of the district court setting aside the department's repeal of Department of Personnel Administrative Procedure 7–4–1, 4 Code Colo. Reg. 801–2. We affirm.

Procedure 7–4–1 provided benefits to employees who were injured on the job. Under that procedure, an employee who suffered an injury compensable under the Workers' Compensation Act or a privately funded similar insurance program was entitled to injury leave of 90 working days with full pay, provided that the Workers' Compensation or insurance benefits for that period were paid to the employing agency.

In September 1995, the state auditor issued a report that included a review of the state's practice with respect to injury leave. After reviewing that report, the department, upon the recommendation of the total compensation advisory council, conducted a survey of injury leave practices. Inquiries sent to the other 49 states resulted in responses from 30 states, and 47% of the states that responded indicated that they provided additional leave benefits similar to injury leave. The department also polled three local employers and tried to assess the availability of injury leave in the marketplace by contacting its vendor of third-party surveys used for annual salary survey purposes under Colo. Sess. Laws 1992, ch. 161, § 24–50–104(5)(a) at 1078.

On November 8, 1996, the director repealed Procedure 7–4–1 and adopted Department of Personnel Administrative Procedure 7–2–5(D)(3), 4 Code Colo. Reg. 801–2, which gave agencies the power to terminate employees who are unable to return to work after 6 months of continuous absence following an injury or illness.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

Plaintiff Colorado Association of Public Employees filed a complaint challenging the adoption of Procedure 7–2–5(D)(3) and the repeal of Procedure 7–4–1. Later, the Colorado State Patrol Protective Association filed a complaint in intervention challenging the same actions by the department.

Plaintiff and the intervening plaintiffs asserted that the repeal of Procedure 7–4–1 was improper because the director did not comply with the survey requirements set forth in Colo. Sess. Laws 1992, ch. 161, §§ 24–50–104(5)(a) and 24—50–104(5)(b)(1)(A) at 1078. Specifically, they argued that the director failed to use an independent survey to determine the prevailing practice with respect to fringe benefits and that the director failed to "meet and confer" with employee representatives regarding the selection and utilization of an independent survey.

The district court agreed and set aside the repeal of Procedure 7–4–1 and, at the same time, concluded that Procedure 7–2–5(D)(3) was void. In their appeal, however, defendants contest only that portion of the district court's order setting aside the repeal of Procedure 7–4–1.

### I.

Defendants contend that the district court erred when it determined that the director was required to follow the procedures set forth in Colo. Sess. Laws 1992, ch. 161, § 24–50–104(5)(a) at 1078. We disagree.

■ An agency's construction of its own governing statute is entitled to great weight, and any rule that a state agency adopts pursuant to a statutory rulemaking proceeding is presumed valid. *Wine & Spirits Wholesalers of Colorado, Inc. v. Colorado Department of Revenue*, 919 P.2d 894 (Colo. App.1996).

However, if a court finds that an agency action is a denial of statutory right, is in excess of statutory jurisdiction or limitations, or is not in accord with the procedures or procedural limitations of § 24–50–101, et

and § 24–51–1105, C.R.S.1999.

seq., C.R.S.1999, then the court must hold unlawful and set aside the agency action. *See* § 24–4–106(7), C.R.S.1999.

The district court was thus authorized to set aside any action taken by the department in excess of its statutory authority or otherwise contrary to law. *Bostron v. Colorado Department of Personnel,* 860 P.2d 595 (Colo.App.1993).

■ Because the interpretation of a statute is a question of law subject to independent review by the appellate court, *Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995), the district court's determination will be upheld if it is consistent with our interpretation of the relevant statutes.

### A.

■ Defendants argue first that the director acted generally in accordance with the authority granted to him under Colo. Sess. Laws 1989, ch. 88, § 24–50–104(2)(c)(I) at 488. Even if we assume that defendants are correct in this contention, that fact does not sustain the repeal of Procedure 7–4–1.

The referenced version of § 24–50–104(2)(c)(I) provided that the "state personnel director shall be responsible for the development, implementation, and administration of a total compensation program." Contrary to defendants' argument, that section did not grant any specific authority to the director. Instead, it merely outlined his general responsibilities. Moreover, nothing in that section related to survey methodology nor relieved the director of his duty to comply with the provisions of Colo. Sess. Laws 1992, ch. 161, § 24–50–104(5)(a) at 1078.

### B.

Defendants further argue that the provisions of Colo. Sess. Laws 1992, ch. 161, § 24–50–104(5)(a) at 1078, apply only to annual salary and fringe benefit surveys required to be conducted to support recommendations on those matters made by the director to the General Assembly for inclusion in the its general appropriation bill. We disagree.

Under Colo. Sess. Laws 1989, ch. 88, § 24–50–104(9)(a) at 489, the director had the authority to:

prescribe by rule the amount and conditions of annual leave and sick leave(subject to any authorization of the amount of such leave which may be made by the general assembly), holidays, shift differentials, premium pay, hazardous duty pay, and other nonstatutory benefits to be granted employees in the state personnel system, *which benefits shall be consistent with prevailing practice.* (emphasis added)

The 1992 version of § 24–50–104(5)(a) provided that, in order to "determine comparable rates for salaries and fringe benefits prevailing in other places of public and private employment, the state personnel director shall annually utilize the results of appropriate salary and fringe benefit surveys conducted by public or private agencies." Colo. Sess. Laws 1992, ch. 161, § 24–50–104(5)(a) at 1078; *see Bostron v. Colorado Department of Personnel, supra* (director must determine prevailing rates from surveys conducted by independent public and private agencies).

Section 24–50–104(5)(a) provided the methodology for determining prevailing practice with respect to salaries and fringe benefits. Therefore, given the requirement that the director establish fringe benefits that are consistent with prevailing practice, we conclude that the director was required to comply with the survey procedures set forth in Colo. Sess. Laws 1992, ch. 161, § 24–50–104(5)(a) at 1078, without regard to any recommendations made to the General Assembly.

Defendants contend, however, that such a result is in direct conflict with the General Assembly's revision of the statute because the new statute explicitly provides that the director has the authority to conduct supplemental salary and benefits surveys as he deems necessary. However, even if we were to assume that a conflict between the old statute and the new statute would be relevant to our analysis, we are not persuaded that such a conflict exists.

Section 24–50–104(1)(a)(II), C.R.S.1999, provides that, in order to determine comparable rates, the state personnel director shall

"annually utilize the results of appropriate salary and benefits surveys conducted by public or private organizations and other supplemental salary or benefit surveys as deemed necessary by the director...." Although the revised statute allows the director to supplement the independent surveys conducted by third parties, the new section does not permit the director to determine prevailing practices without using any independent third-party surveys.

We conclude that the district court did not err by determining that the director was required to follow the survey procedures set forth in Colo. Sess. Laws 1992, ch. 161, § 24–50–104(5)(a) at 1078.

## II.

Defendants also assert that the director was either unable to comply, or essentially complied, with the requirements of former § 24–50–104(5)(a). We are not persuaded.

## A.

Defendants first contend that, since the administrative procedure at issue is not a prevailing practice, the director was unable to use a third-party survey because such information was not available. We find no merit in this contention.

In support of their argument, defendants cite an affidavit prepared by a compensation specialist for the Colorado Department of Personnel. However, the affidavit was not part of the administrative record and will not be considered on appeal. *See Kincaid v. Western Operating Co.,* 890 P.2d 249 (Colo. App.1994). Therefore, we conclude that defendants' unsupported allegation that relevant information was unobtainable through the annual survey process is insufficient to relieve the director of his obligation to use an independent third-party survey to determine prevailing practice with respect to injury leave.

## B.

Defendants also contend that the district court improperly determined that the director failed to comply with the "meet and confer" requirement of Colo. Sess. Laws 1992, ch. 161, § 24–50–104(5)(b)(1)(A) at 1078. In addition to their general argument that the director was not acting under § 24–50–104(5), defendants argue that the director repealed Procedure 7–4–1 after receiving sufficient input from management and employees. We disagree.

The referenced version of § 24–50–104(5)(b)(1)(A) provided that: "[I]n order to establish confidence in the utilization of salary and fringe benefit surveys, the state personnel director shall meet and confer in good faith with management and employee representatives of the state and the total compensation advisory council in the selection and utilization of public or private surveys."

Defendants argue that the director complied with this requirement because he received recommendations and input from the total compensation advisory council, which, as required by Colo. Sess. Laws 1994, ch. 197, § 24–50–104(2)(c)(II)(A) at 1136, included five members who represented state employees. However, § 24–50–104(5)(b)(1)(A) clearly required that the director meet and confer with *both* the total compensation advisory council *and* employee representatives of the state. Therefore, input from only the total compensation advisory council does not satisfy the requirements of the statute.

Defendants also argue that the director complied with the "meet and confer" requirement because they provided notice to formal employee associations of a rule-making hearing at which the survey findings and repeal of the procedure were presented and discussed. However, defendants, by providing an opportunity to voice concerns at a rule-making hearing where the results of the survey were presented, did not satisfy the requirement that the director "meet and confer" with employee representatives regarding the "selection and utilization" of third party surveys.

In summary, we perceive no error in the district court's ruling as to the "meet and confer" requirement of the statute.

Order affirmed.

Judge MARQUEZ and Judge RULAND concur.